```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| KENDRA S. KLEBER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:19-cv-367-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GARY M. GILBERT, Individually, | ) | **AND ORDER** |
| DAVID KARMAN, | ) | |
| and THE LAW OFFICES OF GARY M. | ) | |
| GILBERT AND ASSOCIATES, P.C. | ) | |
| | ) | |
| Defendants. | | |

\*\*\*

This matter is before the Court on the Plaintiff, Kendra S. Kleber's ("Kleber") Motion to Remand this action to Fayette Circuit Court. [DE 9]. In support, Kleber argues this Court does not have subject-matter jurisdiction over this action because the amount-in-controversy does not exceed $75,000.00; the jurisdictional threshold for diversity jurisdiction provided under 28 U.S.C. 1332. [DE 9-1 at 2-7, Page ID #75-80]. Defendants, Gary M. Gilbert, David Karman, and The Law Offices of Gary M. Gilbert and Associates, P.C., have not responded in opposition to the Kleber's motion to remand, and the time for filing a response has expired. As such, this matter is now ripe for review. After careful consideration, and being otherwise sufficiently advised, the motion to remand is, and hereby shall be, **GRANTED**.

## I. BACKGROUND

On July 29, 2019, Kleber filed the instant action in Fayette Circuit Court, alleging claims of breach of contract, fraud, unjust enrichment, legal malpractice, and breach of fiduciary duty. [DE 1-1 at 10-13, PageID #13-16]. Kleber named Gary M. Gilber, David Karman, and The Law Offices of Gary M. Gilbert and Associates, P.C. as Defendants. [DE 1-1 at 3, PageID #6].

On September 11, 2019, the Defendants removed this action from the Fayette Circuit Court to federal court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [DE 1]. In their Notice of Removal, the defendants claim complete diversity of citizenship between the parties and that the amount-in-controversy exceeds $75,000.00. [Id. at 1-2, PageID #1-2, ¶¶ 2-9]. The Defendants filed their Answer on September 18, 2019, and also made certain counterclaims against Kleber.

On October 11, 2019, the Kleber filed the instant motion to remand. [DE 9]. As noted above, Kleber claims the amount-in-controversy does not exceed the jurisdictional threshold for diversity jurisdiction under 28 U.S.C. 1332. [DE 9-1 at 2-7, PageID #75-80]. Defendants did not respond to Kleber's motion and the time for filing a response has expired.

## II. STANDARD OF REVIEW

A case filed in state court is removable only if it could have originally been brought in federal court. *See* 28 U.S.C. §

1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("[Section] 1441 ... authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### III. ANALYSIS

This case is before this Court pursuant to diversity jurisdiction. However, under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Here, Kleber asks this Court to remand this action to Fayette Circuit Court. [DE 9]. Kleber asserts that the amount-in-controversy does not exceed the $75,000.00. [DE 9-1 at 2, PageID #75]. In support of her motion, Kleber signed and submitted an affidavit, stating that she does not demand more than $75,000.00 in damages in this action. [DE 9-2 at 1-2, PageID #81-82].

3

Defendants have failed to respond to Kleber's motion, her legal arguments, or her affidavit. As the time has passed for Defendants to file a response, the Court interprets Defendants' lack of response to Plaintiff's motion as an indication that they have no objection to a remand. *See* Joint Local Rule of Civil Practice ("LR") 7.1(c) (providing, among other things, "...[f]ailure to timely respond to a motion may be grounds for granting the motion.").

Moreover, this Court follows the rule that "a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." *Shearer v. Ohio. Cas. Ins. Co.*, Civ. Action No. 5:12-cv-00188, 2013 WL 588149, at *1 (E.D. Ky. Feb. 13, 2013) (quoting *Powerex Corp. v. Reliant Energy Servs.*, 551, U.S. 224, 232 (2007). In *Shearer*, the Plaintiff filed a stipulation that she did not seek more than $74,999.99 in damages, and thus, sought remand. *Id*. Because the amount-in-controversy no longer met the requirements for subject-matter jurisdiction, the Court remanded the action to the Fayette Circuit pursuant to 28 U.S.C. § 1447(c). *Id*.

In this action, like in *Shearer*, the amount-in-controversy does not exceed $75,000.00, as Kleber stipulates in her affidavit. [DE 9-2 at 1-2, PageID #81-82]. Thus, we find this Court does not possess subject-matter jurisdiction.

Accordingly, **IT IS ORDERED** as follows:

(1) That Plaintiff's motion, [DE 9], is, and hereby shall be **GRANTED**;

(2) That this action **SHALL BE REMANDED** to the Fayette Circuit Court; and

(3) That this action **SHALL BE STRICKEN** from the active docket.

This the 22nd day of November, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge